**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SAMIR IBRAHIMOV,

Petitioner,

v.

CHRISTOPHER J. LAROSE, *et al.*,

Respondents.

Case No. 26-cv-03105-BAS-BJW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Samir Ibrahimov filed a habeas petition pursuant to 28 U.S.C. § 2241, claiming his immigration detention has been arbitrarily and unreasonably prolonged and that he was improperly denied a bond hearing. (ECF No. 1.) Petitioner requests a bond hearing. (*Id.*) The Government does not oppose. (ECF No. 7.) For the reasons stated below, the Court **GRANTS** the Petition and orders a bond hearing before an Immigration Judge.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It

- 1 -

applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    BACKGROUND

Immigration and Customs Enforcement ("ICE") detained Petitioner on June 2, 2025, at the Otay Mesa Port of Entry. (ECF No. 1.) Petitioner has been in custody for a year now without a bond hearing.

This is Petitioner's fourth habeas petition before this Court claiming that his immigration detention has been arbitrarily and unreasonably prolonged. On January 29, 2026, this Court denied the first Petition, finding that, at that point, Petitioner's detention had not been arbitrarily or unreasonably prolonged. Case No. 26-cv-0196-BAS, ECF No. 6. On February 24, 2026, Petitioner filed a second Petition. Case No. 26-cv-1187-BAS, ECF No. 1. On March 24, 2026, the Court denied the second Petition, specifically finding: (1) 8 U.S.C. § 1252(g) did not strip this Court of jurisdiction; (2) Petitioner was mandatorily detained under 8 U.S.C. § 1225(b)(2); and (3) there was no evidence that the Government was unreasonably delaying Petitioner's immigration proceedings—he had a merits hearing scheduled for May 1, 2026, and at that point, nine months was not an unreasonable or arbitrary detention period. Case No. 26-cv-1187-BAS, ECF No. 7. Before the merits hearing could be held, Petitioner filed a third Petition on April 28, 2026, *see* Case No. 26-cv-2526-BAS, which the Court summarily denied, finding nothing had changed since the Order denying the second Petition.

Petitioner now files his fourth Petition still claiming his detention has been unreasonably and arbitrarily prolonged. (ECF No. 1.) The Government responds that at Petitioner's merits hearing, the Immigration Judge granted withholding of removal to Azerbaijan. (ECF No. 7.) Both parties have until July 1, 2026, to perfect an appeal, so that order is not yet final. (*Id.*) And, in light of the fact that Petitioner has now been in custody for over a year, the Government does not oppose the Court ordering a bond hearing. (*Id.*)

26cv3105

## III.   ANALYSIS

The Court agrees that immigration detention without a bond hearing can be deemed arbitrarily and unreasonably prolonged and thus a violation of the detainee's due process rights. *See, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). The Government does not oppose the Court ordering a bond hearing. (ECF No. 7.) Hence, the Court **GRANTS** the Petition to the extent it requests that a bond hearing be held before an Immigration Judge.

## IV.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Samir Ibrahimov (A#221-418-455) within 14 days of the date of this Order. At that bond hearing, the Government shall have the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight if released on bond. If no bond hearing is held within 14 days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: June 4, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv3105